104 F.3d 364
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
TEAMSTERS NATIONAL FREIGHT INDUSTRY NEGOTIATING COMMITTEE,
on behalf of Teamster Local Union Nos. 116, 120, 123, 346,
and 544, and on behalf of all Teamster represented employees
of Midwest Motor Express, Inc., Plaintiff-Appellee, Order Remanding For
v.
MME, INC.; Midwest Motor Express, Inc.; Midnite Express,
Inc.; John T. Roswick; Richard N. Roswick; W.J.
Greenstein; Raymond J. Patton; James F. Greenstein;
Lambert L. Glatt; Jodi L. Kary; Daniel Zeller; E.J.
Roswick; Nels Roswick; John H. Roswick; Marlin Kling,
Defendants-Appellants.
 No. 95-3533.
 United States Court of Appeals, Eighth Circuit.
 Submitted Oct. 22, 1996.
Filed Nov. 8, 1996.
 
 FAGG, HEANEY, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Midwest Motor Express and the other defendants appeal the district court's refusal to grant their motion for Rule 11 sanctions against the plaintiff. In this case, the plaintiff alleged claims of RICO violations, fraud, and embezzlement against the defendants. The district court granted the defendants' motion to dismiss the complaint for lack of a factual basis to support the allegations made, and for a failure to allege the essential elements of a RICO case based on mail and wire fraud in violation of Fed.R.Civ.P. 9(b). The district court, however, denied the defendants' motion for Rule 11 sanctions without stating fully its reasons for the denial. The plaintiff has not appealed from the dismissal.
 
 
 2
 Rule 11 of the Federal Rules of Civil Procedure dictates that the imposition of sanctions upon a determination that Rule 11 has been violated is discretionary with the district court. We review all aspects of a district court's Rule 11 determination for an abuse of discretion. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990). We cannot meaningfully review the district court's exercise of discretion, however, absent the benefit of a full statement of reasons explaining why the district court denied the motion for sanctions.
 
 
 3
 Accordingly, we retain jurisdiction of this case but remand it to the district court for the limited purpose of requesting the district court to articulate the reasons supporting its exercise of discretion to deny the defendants' motion for Rule 11 sanctions. The district court's statement of reasons shall be certified to this court within 45 days.